UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

NUMBER: 14-146-BAJ-SCR

VERSUS

BRIAN CAVALIER

UNOPPOSED MOTION OF DEFENDANT
TO DETERMINE MENTAL CAPACITY AT THE TIME OF THE OFFENSE
AND MENTAL CAPACITY TO STAND TRIAL

**NOW INTO COURT,** through the undersigned counsel of record, comes Defendant in the above numbered and captioned matter, Brian Cavalier, also named as *Movant,* who respectfully sets forth the following:

I.

Defendant was arrested on or about January 8, 2015, regarding the above captioned matter, and has been charged in a two (2) count Indictment alleging offenses of 18 USC §844(e), regarding threats against the Federal and Louisiana State Governments. Defendant faces a term of imprisonment of up to ten (10) years, and a fine as determined under Title 18 of the United States Code. Defendant made his initial appearances on or about the January 8 and 13, 2015, as a result of the Indictment lodged on December 3, 2015.

II.

Undersigned counsel has been informed that of late, Defendant/Movant has been suffering from serious emotional and mental abnormalities/illness and associated conditions. More specifically, said counsel has been advised Defendant believes he is being directed by voices and visions. As to his actions, voices are speaking to him, directing his activities, and that he is being lead accordingly. That he, at times, is directed by a female child, who has a bullet hole in her head, riding a bicycle, and by a purple elephant with pink polka dots. Also, he is being ordered to organize *Taliban* while in custody, and that he is being trained by the voices to commit violent acts.

Additionally, in undersigned counsel's first visit/interview with Movant, it was counselor's opinion the same was incapable of sufficiently understanding the nature and

consequences of the charges against him, to communicate in the preparation for the initial appearance and for representation, or recall certain aspects regarding the action(s) for which he is currently charged.  Further, that most recently, while in confinement with the Louisiana Department of Corrections, he attempted to take his life by hanging, being rescued by security guards.  Such was not the first attempt on his life by his own volition.  The Movant was extremely incoherent, and not able to effectively assist counsel.

III.

Additionally, Movant is under at least five (5), or more, prescribed medications for emotion and personality disorders.  And, Movant has been earlier in confined treatment with Louisiana State Mental Facilities at the East Feliciana location, and otherwise.

IV.

Undersigned counsel, from the personal visit with Defendant on the 13th day of January, 2015, does not believe, in good faith, the Movant is capable of entering any type of plea at this point, as he lacks an intelligent understanding of the nature and consequences of the actions causing the indictment, or the ramifications thereof, and/or, at the time of the illegal offenses. Nor can counsel, in good faith, or effectively, move under Rule 12.2 of the Federal Rules of Criminal Procedure regarding notice of an insanity defense, without the relief herein requested being granted.  And, defendant's lack of ability to assist counsel currently prevents effective assistance.

V.

As a result of the foregoing concern and events, it is moved Brian Cavalier be ordered to be committed to the Bureau of Prisons, and to submit to psychiatric or a psychological examination.

VI.

Federal law allows the Court to consider evidence to determine whether a defendant, at the time of the offense charged, suffers from a mental disease or defect rendering him incapable of comprehending the nature and consequences of his actions. See:  18 USC §4242.

VII.

Federal law also allows the Court to consider evidence to determine whether a defendant is presently suffering from a mental disease or defect rendering him incompetent, such that he is

unable to understand the nature and consequences against him, or to properly assist in his defense.  See: 18 USC §4241.

## VIII.

Federal law additionally allows the Court to order the defendant to undergo a psychiatric or psychological examination, including committing such defendant to be examined for a reasonable period of time, as may be provided by applicable law, as set forth at 18 USC §4241(d) and 18 USC §4247.

## IX.

In order that this case may proceed in an efficient, meaningful, effective, and one which provides substantial justice to Defendant, and to the Government, and for the competency of Defendant at the time of commission of the alleged offense to be determined, and his ability to stand trial and assist counsel in the same, undersigned counsel so moves as set forth herein.

## X.

Counsel has discussed this request with Mr. Alan A. Stevens, Assistant United States Attorney, representing the Government, and it has no objection.

**WHEREFORE,** it is moved through undersigned counsel, respectfully requesting this Honorable Court order Defendant to undergo a psychiatric or psychological examination and, after such evaluation, order a hearing to determine:

1. Whether Defendant may be presently suffering from a mental disease or defect which renders him mentally incompetent to properly assist in his defense and incompetent to stand trial; and,
2. Whether, at the time of the offense with which Defendant is charged, he suffered from a mental disease or defect which rendered him incapable of comprehending the nature and consequences of his actions.

Respectfully submitted:

/s/ J. David Bourland
J. DAVID BOURLAND
Attorney at Law
Bar Roll Number:  03327
10101 Siegen Lane, 3-A
Baton Rouge, LA 70810
Telephone:  (225) 767-0312

Atty. for Defendant, Brian Cavalier

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

NUMBER: 14-146-BAJ-SCR

VERSUS

BRIAN CAVALIER

## CERTIFICATE

I hereby certify that on January 14, 2015, a copy of the foregoing Defendant's Unopposed Motion of Defendant to Determine Mental Capacity at the Time of the Offense and Mental Capacity to Stand Trial was electronically filed with the Clerk of Court using the CM/ECF system.  Notice of this filing will also be sent to counsel(s) of record by means of the Court's electronic filing system.

Baton Rouge, Louisiana, on January 14, 2015.

/s/ J. David Bourland
J. DAVID BOURLAND

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

NUMBER: 14-146-BAJ-SCR

VERSUS

BRIAN CAVALIER

## ORDER

**CONSIDERING** Defendant's motion through undersigned counsel, for a mental competency evaluation, **IT IS HEREBY ORDERED** that Defendant be committed to the custody of the Bureau of Prisons pending psychiatric and/or psychological examination(s) to determine whether;

1. Defendant may be presently suffering from a mental disease or defect which renders his mentally incompetent to properly assist in his defense and therefore incompetent to stand trial; and

2. Whether, at the time of the offense with which Defendant is charged, he suffered from a mental disease or defect which rendered him incapable of comprehending the nature and consequences of his actions.

The examination is to be conducted pursuant to 18 USC §4241 and §4242. Both the examination and the report will be prepared to conform with 18 USC §4247. This commitment will extend for the period of time set forth under 18 USC §4241 and 18 USC §4247, and as otherwise provided by applicable law.

Upon receipt of the Order outlining the results of psychiatric or psychological examination, the Court will hold a hearing pursuant to the provisions of 18 USC §4247(d), and as otherwise provided by applicable law.

**DATED AND SO ORDERED** on this _____ day of _____, 2015, in Baton Rouge, Louisiana.

BY THE COURT:

_____
HON. BRIAN A. JACKSON
DISTRICT JUDGE
United States District Court
Middle District of Louisiana

5